United States District Court
District of Massachusetts

| | |
|---|---|
| SCOTT SAUNDERS,<br><br>      Plaintiff,<br><br>      v.<br><br>TOWN OF HULL AND RICHARD K.<br>BILLINGS,<br><br>      Defendants. | Civil Action Nos.<br>15-11509-NMG |

MEMORANDUM & ORDER

GORTON, J.

I. **Background**

This case involves a dispute about why plaintiff Scott Saunders ("plaintiff" or "Saunders") was passed over for a promotion in the Town of Hull's Police Department. Plaintiff alleges that defendants, the Town of Hull and former Police Chief Richard Billings, refused to promote him because he 1) reported missing funds to the Massachusetts Attorney General's Office, 2) played a central role in a publicized Union vote of no confidence against Chief Billings and 3) because of Chief Billings' animus against him. Plaintiff's motion for reconsideration of summary judgment on his Massachusetts Whistleblower Act, M.G.L. c. 149, § 185(d) ("MWA"), claim is currently before the Court.

## II. Plaintiff's Motion for Reconsideration

First, plaintiff requests that the Court reconsider its summary judgment of dismissal of his claim pursuant to M.G.L. c. 149, § 185(b)(1) on the grounds that he adequately provided the notice required under that provision. Plaintiff alternatively requests that this Court certify the notice issue to the Supreme Judicial Court of Massachusetts. Although the statute itself may be ambiguous, the ruling of the First Circuit Court of Appeals ("First Circuit") with respect to the written notice requirement is clear:

> In this application, a literal reading does make sense: the written notice requirement gives the employer one last chance to correct wrongdoing before the employee goes public with his accusations.

Dirrane v. Brookline Police Dep't, 315 F.3d 65, 73 (1st Cir. 2002); see also Wagner v. City of Holyoke, 241 F. Supp. 2d 78, 98 (D. Mass. 2003), aff'd, 404 F.3d 504 (1st Cir. 2005) ("The effect of Dirrane . . . is to require plaintiffs under the Whistleblower Statute to notify potential defendants in writing, in all circumstances, before filing suit."). Because the First Circuit has determined that there is a "hard and fast rule" regarding written notice and such notice was not provided, plaintiff's motion for reconsideration of summary judgment on his M.G.L. c. 149, § 185(b)(1) claim will be denied. Dirrane, 315 F.3d at 73.

Second, plaintiff contends that he is entitled to reconsideration on the grounds that his MWA claim also falls under Section (b)(3) of M.G.L. c. 149, § 185. Plaintiff's claim pursuant to that section seems to be an afterthought and is hardly a model of clarity. Although plaintiff is correct that Section 185(b)(3) does not require written notice, Quazi v. Barnstable Cty., 70 Mass. App. Ct. 780, 783-84 (2007), his claim under that section is tenuous.

Section 185(b)(3) states that an employer shall not retaliate against an employee who

> Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of a law, or a rule or regulation promulgated pursuant to law, or which the employee reasonably believes poses a risk to public health, safety or the environment.

M.G.L. c. 149, § 185(b)(3). Plaintiff does not claim that he "refuse[d] to participate in any activity, policy or practice." Accordingly, the question is whether he objected to an activity, policy or practice that he reasonably believed violated the law or implicated public safety concerns. There are two possible sources of such objections: 1) the Union no-confidence vote and 2) discussions about the embezzlement of Union funds.

First, in his memorandum of law opposing summary judgment, plaintiff briefly contended that he objected to policies and practices by Chief Billings that implicated public safety

concerns through participating in the Union's no-confidence vote. The no-confidence issue was put to a yes/no vote. The list of reasons for the vote that Union Representative Jack Parlon forwarded to the Town of Hull included complaints about officers being under-prepared and under-trained and directives to write revenue-generating traffic citations which could be considered public safety issues. Plaintiff himself did not, however, personally present those objections to a supervisor or to the Town of Hull.

Although plaintiff called the Town Manager after the no-confidence vote and was asked what the vote was based upon, the record is devoid of any information about the content of plaintiff's answer to that question. Moreover, in his response to defendants' statement of material facts, plaintiff does not identify any specific instance when he personally "objected" to employment policies based on safety concerns. Accordingly, even construing the record in his favor, plaintiff has not shown that he objected to policies based on safety concerns and therefore defendants are entitled to judgment as a matter of law on the Section (b)(3) claim.

Second, in his motion for reconsideration plaintiff contends that his conversations with his supervisor and Chief Billings concerning the possible embezzlement constituted objections to an illegal practice under M.G.L. c. 149,

§ 185(b)(3). Plaintiff's memorandum in opposition to summary judgment did not, however, assert that plaintiff was making a claim under Section (b)(3) for objections based on illegal practices. Fed. R. Civ. P. 59(e) does not "permit a party to advance arguments it should have developed prior to judgment." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (quoting Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir.2006)). Therefore, this Court will not consider that new contention under M.G.L. c. 149, § 185(b)(3).

In sum, "Judges are not expected to be mindreaders" and a "litigant has an obligation to spell out its arguments squarely and distinctly." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) abrogation on other grounds recognized by, United States v. Gomez-Lemos, 939 F.2d 326, 333 (6th Cir. 1991). Plaintiff referred to his M.G.L. c. 149, § 185(b)(3) claim in a cursory manner and

> [i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.

Id. Therefore, the motion for reconsideration will be denied.

### III. Plaintiff's Alternative Request for Certification

Plaintiff requests that, in the alternative, the Court certify the question of the MWA's ambiguous notice requirement to the SJC. Whether to certify an issue to the high court of a

state lies within a federal court's "sound discretion." <u>Fischer v. Bar Harbor Banking & Trust Co.</u>, 857 F.2d 4, 7 (1st Cir. 1988) (quoting <u>Lehman Bros.</u> v. <u>Schein</u>, 416 U.S. 386, 391 (1974). Pursuant to the SJC, certification is appropriate if there are "questions of [Massachusetts law] which may be determinative" and "no controlling precedent." Mass. S.J.C.R. 1:03. If the state's high court has not yet addressed the issue,

> the federal courts may refer to analogous decisions, considered dicta, scholarly works, or other reliable sources to ascertain how the highest court would rule.

<u>Losacco</u> v. <u>F.D. Rich Const. Co.</u>, 992 F.2d 382, 384 (1st Cir. 1993).

Here, although the SJC has not directly addressed the notice issue, the First Circuit and the Massachusetts Appeals Court have addressed the issue. <u>Dirrane</u>, 315 F.3d at 73 (1st Cir. 2002); <u>Quazi</u>, 70 Mass. App. Ct. at 783-84 (2007). Furthermore, plaintiff's remaining claims are scheduled for trial and certifying the issue would unduly delay the resolution of those claims. Accordingly, this Court will exercise its discretion to deny plaintiff's request for certification.

## ORDER

For the foregoing reasons, plaintiff's motion for reconsideration (Docket No. 37) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 27, 2017