## United States District Court
## District of Massachusetts

|   |   |   |
|---|---|---|
| SCOTT SAUNDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Nos. |
| | ) | 15-11509-NMG |
| TOWN OF HULL AND RICHARD K. | ) | |
| BILLINGS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

### MEMORANDUM & ORDER

GORTON, J.

## I.  Background

This case involves a dispute as to why plaintiff Scott
Saunders ("plaintiff" or "Saunders") was passed over for
promotion in the Town of Hull's Police Department.  Plaintiff
alleges that defendants, the Town of Hull and former Police
Chief Richard Billings, refused to promote him because Saunders
1) reported funds missing from the Union account to the
Massachusetts Attorney General's Office, 2) played a central
role in a publicized Union vote of no confidence against Chief
Billings and 3) was irrationally disliked by the Chief.
Plaintiff's motion for reconsideration of summary judgment of
dismissal of his 42 U.S.C. § 1983 claim against the Town of Hull
is currently before the Court.

## II. **Plaintiff's Motion for Reconsideration**

It is difficult to succeed on a motion for reconsideration under Fed. R. Civ. P. 59(e). Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005). Such a motion is appropriate only if there are extraordinary circumstances such as a "manifest error of law or newly discovered evidence." Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 82 (1st Cir. 2008) (quoting Kansky v. Coca-Cola Bottling Co. of New England, 492 F.3d 54, 60 (1st Cir. 2007)).

Plaintiff contends that reconsideration is warranted on the summary judgment of dismissal of the 42 U.S.C. § 1983 claim against the Town of Hull because the Court raised the issue sua sponte and a jury could find that the Board of Selectmen ("the Board") "rubber-stamp[ed] Defendant Billings' retaliatory refusal to recommend Saunders to the second vacancy". Defendants respond that summary judgment was appropriate because there is no evidence of a municipal policy or custom of retaliation.

This Court does not consider the issue to be raised sua sponte because in their motion for summary judgment defendants sought "judgment as a matter of law on all claims made against them . . . as the Court sees fit." Accordingly, plaintiff was on notice that if there was no genuine issue of material fact

and defendants were entitled to judgment as a matter of law, summary judgment would be entered against him.

It is elementary that there is no municipal liability under 42 U.S.C. § 1983 unless there is evidence of a municipal "policy or custom." *Fabiano* v. *Hopkins*, 352 F.3d 447, 452 (1st Cir. 2003). Here, there was no evidence of a municipal policy or custom of retaliating against individuals for exercising their first amendment rights. Moreover, although a single decision by a final policymaker may result in municipal policy, as was the case in *Fabiano*, plaintiff did not allege that former Police Chief Richard Billings was the final policy maker for the purposes of hiring and promotion. *Welch* v. *Ciampa*, 542 F.3d 927, 942 (1st Cir. 2008) ("[I]n *Fabiano* we never state that the policymaker had the *final* policymaking authority.")(emphasis in original). On the contrary, plaintiff concedes that it was "undisputed that the Board of Selectmen is the appointing authority" for the purpose of staffing the police department.

Plaintiff's assertion that it is the Police Chief's responsibility to "coordinate the entire [hiring] process and make a recommendation" does not change the fact that the final policymaker for the purpose of hiring is the Board. As the First Circuit Court of Appeals has observed,

[s]imply going along with discretionary decisions made by ones subordinates . . . is not a delegation to them of the authority to make policy.

Walden v. City of Providence, R.I., 596 F.3d 38, 57 (1st Cir. 2010) (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 130 (1988)). In fact, the Walden Court specifically rejected the argument that an individual who makes a recommendation to a municipal board, which then makes a final decision, qualifies as a final policy maker. Id.

Furthermore, there is no evidence that the Board authorized or ratified the Chief's alleged retaliation against plaintiff. Welch, 542 F.3d at 942 (holding that a municipality could not be held liable for an individual's decision because there was no evidence that the Board authorized the retaliatory acts); see also Walden, 596 F.3d at 57 (declining to impose municipal liability based an employee's recommendation because there was "no argument that the board did not independently review the merits of [the] proposal"). Plaintiff does not dispute that he never discussed the vote of no confidence or his possible promotion with the Board or its members. Nor does he dispute that he never saw an email or statement or any other written communication from anyone on the Board that addressed his possible promotion. Plaintiff himself testified that he had no evidence that Chief Billings tried to influence the Board with respect to the promotion decision.

Furthermore, Chief Billings' purported statements to plaintiff that "you can't fight Town Hall" and "Town Hall has my back" do not support a finding of municipal liability. Although summary judgment requires courts to draw all "reasonable" inferences in the non-moving party's favor, courts are not required

> to credit purely conclusory allegations, indulge in rank speculation, or draw improbable inferences.

Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995) (emphasis added). Chief Billings' conclusory assertions are not supported by the record and do not create a genuine issue of material fact that would prevent summary judgment. Therefore, because there is neither evidence of a policy or custom nor evidence that the Board authorized Chief Billing's supposedly retaliatory actions, plaintiff's motion for reconsideration will be denied.

### ORDER

In accordance with the foregoing, plaintiff's motion for reconsideration (Docket No. 57) is **DENIED**.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated January 31, 2017